[Crim. No. 6395.   In Bank.   June 24, 1959.]

THE PEOPLE, Respondent, v. LAWRENCE GLENN CORWIN, Appellant.

Ellery E. Cuff, Public Defender (Los Angeles), Richard S. Buckley and Richard W. Erskine, Deputy Public Defenders, for Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Respondent.

SPENCE, J.—Defendant was found guilty of murder of the first degree and, after proceedings pursuant to section 190.1 of the Penal Code, the jury returned a verdict imposing the death penalty. His motion for a new trial was denied. The appeal is automatic. (Pen. Code, § 1239, subd. (b).)

Defendant does not question the sufficiency of the evidence to sustain his conviction nor complain of any error during the trial on the issue of his guilt. He confines his objections solely to the subsequent proceedings on the issue of penalty. He contends that the court erred in the penalty hearing in (1) admitting in evidence a conversation defendant had with a deputy sheriff during the progress of the trial on the issue of guilt; and (2) allowing the prosecution to both open and close the arguments to the jury. We have concluded that his contentions are without merit.

It appears that defendant killed Mrs. Martha Gibbs, an 80-year-old woman, about 1 a.m. on June 3, 1958. The autopsy revealed that death was caused by some 34 stab wounds of the chest. Defendant was arrested about 1:20 a.m. on June 5, 1958, at which time he volunteered the statement: "I know you want me. I killed her. I was going to turn myself in in the morning. . . ." Defendant was immediately taken to the police station, where he made a tape-recorded statement. He said that he had gotten mad at his girl and "took it out" on "Grandma"; and he described the manner of the killing. Defendant was then taken to the deceased's apartment, where he reenacted the crime. Upon his return to the police station, defendant made and signed another statement substantially the same as the previously tape-recorded one. At the trial on the issue of guilt, defendant neither testified nor presented any evidence on his behalf.

Following the jury's finding of murder of the first degree, the trial proceeded on the penalty issue. While defendant still did not testify, he presented two witnesses: (1) a court-appointed psychiatrist, who stated that defendant had a "moronic" mental condition, with his mental age fixed at "probably . . . about ten years," a "defective" but not a "diseased mind"; and (2) defendant's mother, who related briefly defendant's background — his meager schooling, his "trouble learning," and the difficulties he encountered by reason of a broken home life following his parents' separation

when he was 11 years old. Defendant was 23 when this crime was committed. The prosecution presented only one additional witness, a deputy sheriff, who, over defendant's objection, testified to a conversation he had with defendant when taking him from jail to the courtroom during progress of the trial on the issue of defendant's guilt. He stated that he asked defendant "why did he kill the old lady," and defendant replied that "he didn't know why . . . but if he had it to do all over again, he would do the same thing . . . [and] he would also like to kill a couple of detectives . . . [and] his brother-in-law."

Section 190.1 of the Penal Code provides that at the proceedings on the issue of penalty, evidence may be presented "of the circumstances surrounding the crime, of the defendant's background and history, and of any facts in aggravation or mitigation of the penalty." Defendant concedes that the conversation with the deputy sheriff is admissible under the section, but he claims that it would not have been so "damaging" if presented during the trial on the issue of guilt. He contends that the admission of the conversation on the trial for the determination of the penalty was "highly prejudicial," producing "a bombshell effect," which situation he compares to the impropriety of the prosecution withholding evidence of a defendant's confession as part of its case in chief for the purpose of using it later for impeachment or rebuttal. (*Cf. People* v. *Rodriguez*, 58 Cal.App.2d 415, 418 [136 P.2d 626].)

Preliminarily, it should be said that such interrogation of defendant by the deputy sheriff cannot be approved as proper practice, particularly when defendant was represented by counsel who was not present at the time. Nevertheless it is understandable that the deputy sheriff should have asked the question here in view of defendant's three separate voluntary statements and confessions to various police officers, together with his voluntary re-enactment of the crime. Unquestionably, the broad language of section 190.1 sustains the propriety of the court's ruling admitting the conversation as relevant evidence on the trial of the penalty issue. The principle of the Rodriguez case does not apply. The record does not indicate, as defendant admits, whether the prosecution knew that the deputy sheriff had the conversation in question with defendant before the conclusion of the trial on the issue of guilt; and defendant only assumes such knowledge for the purpose of this suggested analogy with the Rodriguez case.

■ Likewise there appears to have been no impropriety in the court's ruling on the presentation by respective counsel of argument at the conclusion of the proceedings on the penalty issue. Defendant's counsel requested that each side be limited to one argument, but the court ruled that the prosecution might open and close the argument to the jury. The recently enacted section 190.1 (Stats. 1957, ch. 1968, § 2) does not specifically provide for the order of argument by counsel on the bifurcated trial regarding the issues of guilt and penalty, and the court merely followed the customary procedure on a criminal trial. (Pen. Code, § 1093, subd. 5.) We find no error here. (*Cf. People* v. *Kimball*, 5 Cal.2d 608, 611 [55 P.2d 483]; *People* v. *Hickman*, 204 Cal. 470, 482-483 [268 P. 909, 270 P. 1117]; *People* v. *Wellman*, 141 Cal.App.2d 101, 107 [296 P.2d 82].)

The judgment and order denying a new trial are affirmed.

Gibson, C. J., Shenk, J., Traynor, J., Schauer, J., McComb, J., and Peters, J., concurred.